UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE: | ADA'S CREATIONS, INC.<br>Debtor-in-Possession | B.K. NO. 15-11836<br>Chapter 11 |
| | ISAIAS LEONEL TERRERO<br>ACELIA A. TERRERO<br>Debtors-in-Possession | B.K. NO. 15-11812<br>Chapter 11 |

### FINAL APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AND EXPENSES

Douglas H. Smith, (hereinafter referred to as "Smith") attorney for the Debtors-in-Possession, pursuant to 11 U.S.C. §330(a), Fed. R. Bank. P. 2016, and R.I.L.B.R. 2016-1, makes application for allowance of attorney's fees and expenses incurred in the course of this Chapter 11 case. Smith seeks a final allowance of fees in the amount of $31,465.00, expenses in the amount of $1,962.00 for total fees and expenses in the amount of $33,427.00. Smith retains $5,538.00 in his Client Trust Account from the $7,500.00 retainer received.

In support of his application, Douglas H. Smith, states as follows:

1. The Debtor, Ada's Creations, Inc., filed a voluntary petition under Chapter 11 with this Court on September 24, 2015 and have since remained in control of their affairs and have operated their businesses as Debtors-in-Possession, in accordance with §§1107 and 1008 of the Bankruptcy Code.

2. On September 24, 2015, the Debtor Ada's Creations, Inc., filed Applications to Employ the Law Office of Douglas H. Smith as their attorney. The Debtors' Applications to Employ the Law Office of Douglas H. Smith were granted by Order entered November 4, 2015. A copy of this Court's Order is attached as Exhibit

"A".

3. Pursuant to R.I.L.B.R. 2016-1 this application presents the following exhibits in support of Smith's application:

a) A narrative summary of the services rendered by Smith on behalf of the Debtors from September 24, 2015 to January 26, 2017 (Exhibit "B");

b) Brief biographical information for Douglas H. Smith, the attorney who preformed legal work for the Debtors (Exhibit "C")'

c) Detailed records describing the number of hours expended by each attorney, his respective hourly rate for the applicable time period and the amount of compensation incurred (Exhibit "D"); and

d) A detailed listing of all expenses and disbursements (Exhibit "D")

4. The narrative and supplemental exhibits to this application should provide the Court with enough specificity to evaluate the services provided by Smith to the Debtors, which will enable the Court to find that the services of Smith, as detailed herein, were actual and necessary, that the time expended by each attorney and amount of compensation sought are justified and reasonable, and that the services provided were valuable to the estates.

5. The legal services preformed by Smith as detailed in the exhibits to the application, generally fall into three categories:

(1) Legal work related to the joint Debtors' use of cash collateral, and all disputes related thereto;

(2) Legal services related to the formulation, negotiations, preparation; feasability statement and confirmation of plan; and

(3) General legal services, including preparation of the Chapter 11 petition, pleadings, negotiations with creditors, attending to issues relating to insurance and employment, ensuring compliance with standard reporting requirements which are common to all Chapter 11 proceedings, and general legal matters.

6. The factors this Court should consider in reviewing this application are:

(1) Time and labor required;

(2) Novelty and difficulty of questions involved;

(3) Skill necessary to perform the legal services;

(4) The preclusion of other employment of attorneys of the firm due to acceptance of the case;

(5) The customary fees charged in such matters; and

(6) Experience, reputation, and ability of the attorney.

7. The board range of legal services, primarily in insolvency, bankruptcy financial accounting, reorganization, litigation, and workout practice by Smith and the law office's knowledge and expertise in these matters has rendered Smith uniquely qualified to confront the issues presented in the case. Smith and the Debtors diligently negotiated and/or litigation issues related to the claim of the first mortgagee Strategic Diversified Real Estate Holdings, LLC. The failure of the Debtors and Smith to prevail in these matters would have led to the liquidation of the Debtor's businesses without any distribution to the unsecured Creditors. In pursuing this matter and representing these Debtors, Smith undertook a considerable risk that a substantial amount of fees would go uncollected.

8. The expenses incurred by Smith in this case as detailed in the attached exhibits are in accordance with this Court's standard expense list and R.I.L.B.R. 2016-1(e). The expenses incurred were actual and necessary, and a benefit to the estate.

WHEREFORE, Douglas H. Smith, respectfully requests that this Court grant his Final Application for Allowance of Fees and Expenses in the amount of $33,427.00 on account of fees to date totaling $31,465.00 and expenses in the amount of $1,962.00. Smith has already received a payment of $1,962.00 on account of fees and expenses, and there is a balance left on the retainer of $5,538.00.

Respectfully submitted,
Douglas H. Smith, Esq.

Dated: February 1, 2017

/s/ Douglas H. Smith
Douglas H. Smith, Esq.    #2219
140 Reservoir Avenue
Providence, RI 02907
Tel. 401-467-3590
Fax 401-467-5111
douglassmithlaw@gmail.com

WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED.R.BANK.P. 9006(F) IF SERVED BY MAIL, ANY PARTY AGAINST WHOM SUCH PAPER HAS BEEN SERVED, OR ANY OTHER PARTY WHO OBJECTS TO THE RELIEF SOUGHT, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO SAID PAPER WITH THE BANKRUPTCY COURT CLERK'S OFFICE, 380 WESTMINSTER STREET, 6TH FLOOR, PROVIDENCE, RI 02903, (401) 626-3100. IF NO OBJECTION OR OTHER RESPONSES IS TIMELY FILED, THE PAPER WILL BE DEEMED UNOPPOSED AND WILL BE GRANTED UNLESS: (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

## CERTIFICATION

I hereby certify that on February 1, 2017, I electronically filed the within Final Application for Allowance of Attorney's Fees and Expenses with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System.

The Following participants have received notice electronically:

| | |
|---|---|
| Gary L. Donahue | ustpregion01.ecf@usdoj.gov; gary.l.donahue@usdoj.gov |
| Armand Batastini on behalf of Creditor Wells Fargo Bank, NA for the registered holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certs. Series 2005-1 | abatastini@nixonpeabody.com; mryone@nixonpeabody.com; bos.managing.clerk@nixonpeabody.com ddemartini@nixonpeabody.com |
| Stephen A. Izzi on behalf of Creditor Providence Economic Development Partnership, Inc. | sizzi@marlawri.com |
| Sandra Nichols on behalf of Assistant U.S. Trustee Gary L. Donahue | sandra.nicholl@usdoj.gov |
| Russell D. Raskin on behalf of James Allen, Allen Engineering | mail@raskinberman.com; raskinberman@gmail.com |

## **CERTIFICATION**

I hereby certify that on February 1, 2017, that I have mailed by United States Postal Service, postage pre-paid, the document electronically filed with the Court to the following non CM/ECF participants:

Ada's Creations, Inc.
1137 Broad Street
Providence, RI 02905

Mr. Isaias L. Terrero
Ms. Acelia A. Terrero
PO Box 25137
Providence, RI 02905-0597

/s/ Douglas H. Smith